## THE STATE OF IOWA;

BURLINGTON, MAY TERM, A. D. 1850,

In the fourth year of the State.

---

PRESENT:

HON. JOSEPH WILLIAMS,   CHIEF JUSTICE.
" JOHN F. KINNEY, } JUDGES.
" GEORGE GREENE, }

---

### SPRINGER *v.* STEWART.

In an action upon an agreement with mutual and dependant conditions, the plaintiff to sustain his demand must account for all he undertook under the agreement, and the defendant to sustain his set-off, must establish each item of his demand by proof.

### *Error to Lee District Court.*

*Opinion by* KINNEY, J.   Springer & Co., sued Stewart in an action of assumpsit on an account for work and labor done, in cutting and packing pork for defendant.

To this demand defendant pleaded a set-off, claiming damages against plaintiff for the value of a large number of hogs delivered by divers persons for Stewart to Springer, and not accounted for by said Springer, and for the value of a large amount of the pork cut and packed by

Springer, but never delivered by him to Stewart as per contract, and for not accounting for a large quantity of lard made by Springer, from the hogs cut and packed, &c.

Upon the trial, the defendant in order to sustain his set-off, introduced to the jury the following agreement: "Article of agreement, between M. D. Springer & Co. of the first part, and Pickering and Carly, of the second. Springer & Co. agree to pack from one to three thousand hogs for said Pickering & Carly, as follows: The lard rendered and packed in barrels, marked and weighed, the pork packed in barrels or bulked, as shall be directed. All to be delivered at the landing of Springer & Co. The work to be done in a workmanlike manner, for which the said Pickering & Carly, agree to pay said Springer & Co., sixteen cents from the scales. The said Pickering & Carly, to furnish salt and barrels, delivered at the aforesaid landing, &c."

From the bill of exceptions it appears that this instrument was adopted as the contract and basis of the operations between the parties to this suit, and that they were governed by it in their dealings in respect to the hogs, pork, and salt mentioned in defendant's set-off. The testimony as set forth in the bill of exceptions, proved that hogs had been delivered by defendant below at the landing of said Springer, in pursuance of the terms of this contract, and that said salt had also been delivered for the purpose of salting said pork. The court instructed the jury that it devolved upon the defendant to show how much pork and salt were delivered to plaintiff, and the plaintiff to show that he accounted for such pork and salt at the landing of Springer & Co., when called for by the defendant in accordance with the contract, and that if defendant or his agent would not permit either by acts or words the plaintiff to account for said salt and pork at the landing where he desired to do so, it devolved upon defendant to show the loss which he had sustained. It appears, that this last instruction was given in reference to testimony showing that when defendant by his agent went

to the landing of said Springer & Co., to take away the pork when it was cured, that plaintiff proposed to show the exact amount of said pork when he delivered it to the agent of said defendant, but that said agent rejected said proposal, and took said pork without ascertaining the quantity which he then received.

To these instructions, the plaintiff excepted. The instructions of the court being based upon the contract between the parties, it only becomes necessary to ascertain whether the construction given to the contract by the court, was a proper one.

By the agreement as adopted by the parties, Springer & Co., agreed to pack from one to three thousand hogs for Stewart, to render the lard, &c, and deliver the same at his, Springer's landing. For this Stewart was to pay a certain price and furnish salt and barrels at said landing. For the work performed under this contract, Springer brought his suit. Stewart pleaded the general issue and gave notice of a set-off claiming a balance due him for hogs, salt and lard which had never been accounted for to said Stewart, by Springer. By the terms of the contract, each party was under obligations to perform certain specified duties. The conditions of the agreement were mutual and dependent. Stewart was to furnish the hogs, barrels, salt, &c., and Springer to pack the pork, render the lard, &c., and deliver them at his landing.

In order to entitle Stewart, to sustain his set-off, it was incumbent upon him to prove how much pork and salt were delivered, and also upon Springer, before he was entitled to recover, to show that he accounted for the pork, salt and lard. We do not see that any other reasonable construction can be placed upon the contract between the parties and therefore are of the opinion that the instructions by the court were correctly given.

Judgment affirmed.

*J. H. Cowles,* for plaintiff in error.

*W. J. Cochran,* for defendant.